Aaron W. Baker, OSB #92222
650 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204
Telephone: 503/ 234-8800
Facsimile: 503/ 525-0650
awblaw@earthlink.net

Attorney for Plaintiff

IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BEN GEORGE SANTOS, | Case No. CV '11 - 206 PK |
| Plaintiff, | COMPLAINT |
| v. | (42 U.S.C. §1981; ORS 659A.030; ORS 659A.199; ORS 659A.040) |
| BOB'S RED MILL NATURAL FOODS, INC., and EXPRESS SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendants. | |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney fees to redress injuries done to him by Defendants or officers, employees or agents of said Defendants in violation of his federally protected rights in violation of 42 U.S.C. §1981, and his state protected rights in violation of Oregon Revised Statute 659A.030 and 659A.199.

Page 1 - COMPLAINT

### Jurisdictional Allegations

2.

The court has jurisdiction over plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

### General Factual Allegations

3.

Defendant BOB'S RED MILL NATURAL FOODS, INC. ("BOB'S RED MILL") was and is at all times herein an Oregon corporation and is and was at all times herein mentioned doing business as Bob's Red Mill in Milwaukie, Oregon. Defendant EXPRESS SERVICES, INC. ("EXPRESS") was and is at all times herein a foreign corporation and is and was at all times herein mentioned doing business as Express Employment Professionals in Milwaukie, Oregon.

4.

Plaintiff, a male of Hispanic descent, was employed by Defendants from on or about August 2009 until on or about February 20, 2010 at which time his employment was terminated and/or he was provided no further work.

5.

At all material times herein, plaintiff was supervised by Defendants' employees or agents and plaintiff relied on the actual or apparent authority of employees, supervisors and management for both defendants.

6.

Defendants discriminated against plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, race harassment and sex harassment which created a hostile work environment.

Page 2 - COMPLAINT

7.

Defendants' conduct and inaction was sufficiently severe and pervasive to alter the conditions of plaintiff's employment and create a hostile work environment. Defendants knew or should have known of the abusive work environment and failed to take prompt remedial action.

8.

Plaintiff's complaints to defendants included, but was not limited to, race harassment, sex harassment and hostile work environment. Defendant retaliated and discriminated against plaintiff due to his complaints.

## First Claim For Relief

## ORS 659A.030 – Race Harassment

9.

Plaintiff realleges paragraphs 1 through 8.

10.

Defendants' conduct and inaction had the purpose and effect of creating an intimidating, hostile, and offensive work environment and had the purpose and effect of unreasonably interfering with plaintiff's work performance and otherwise adversely affected his opportunities.

11.

Defendants' creation of, and/or failure to prevent, the racially hostile work environment for plaintiff constitutes unlawful racial harassment in violation of ORS 659A.030.

12.

As a result of the harassment by defendants, plaintiff has incurred lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

13.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885

14.

As a direct and proximate result of defendants' conduct and inaction plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his nonpecuniary loss in an amount to be determined at trial.

15.

Defendants' conduct and inaction was willful, malicious and/or done with reckless indifference to plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

## Second Claim For Relief

### 42 U.S.C. §1981 – Race Harassment

16.

Plaintiff realleges paragraphs 1 through 15.

17.

Defendants' conduct and inaction had the purpose and effect of creating an intimidating, hostile, and offensive work environment and had the purpose and effect of unreasonably interfering with plaintiff's work performance and otherwise adversely affected his opportunities.

18.

Defendants' creation of, and/or failure to prevent, the racially hostile work environment for plaintiff constitutes unlawful racial harassment in violation of 42 U.S.C. §1981.

///

///

19.

As a result of the harassment by defendants, plaintiff has incurred lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

20.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C. §1988.

21.

As a direct and proximate result of defendants' conduct and inaction plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his nonpecuniary loss in an amount to be determined at trial.

22.

Defendants' conduct and inaction was willful, malicious and/or done with reckless indifference to plaintiff's federally protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

**Third Claim For Relief**

**ORS 659A.030 – Sex Harassment**

23.

Plaintiff realleges paragraphs 1 through 22.

24.

Defendants' conduct and inaction had the purpose and effect of creating an intimidating, hostile, and offensive work environment and had the purpose and effect of unreasonably interfering with plaintiff's work performance and otherwise adversely affected his opportunities.

///

///

///

Page 5 - COMPLAINT

25.

Defendants' creation of, and/or failure to prevent, the sexually hostile work environment for plaintiff constitutes unlawful racial harassment in violation of ORS 659A.030.

26.

As a result of the harassment by defendants, plaintiff has incurred lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

27.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885

28.

As a direct and proximate result of defendants' conduct and inaction plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his nonpecuniary loss in an amount to be determined at trial.

29.

Defendants' conduct and inaction was willful, malicious and/or done with reckless indifference to plaintiff's state protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

### Fourth Claim For Relief

### ORS 659A.030 – Retaliation (Race Harassment)

30.

Plaintiff realleges paragraphs 1 through 29.

31.

Defendants discriminated against plaintiff in the terms and conditions of his employment in substantial motivating part due to plaintiff's good faith opposition to unlawful employment practices based on race harassment which violated ORS 659A.030.

32.

Defendants' decisions regarding plaintiff's employment were motivated in substantial part due to his opposition to unlawful employment practices which violated ORS 659A.030.

### Fifth Claim For Relief

### ORS 659A.030 – Retaliation (Sex Harassment)

33.

Plaintiff realleges paragraphs 1 through 32.

34.

Defendants discriminated against plaintiff in the terms and conditions of his employment in substantial motivating part due to plaintiff's good faith opposition to unlawful employment practices based on sex harassment which violated ORS 659A.030.

35.

Defendants' decisions regarding plaintiff's employment were motivated in substantial part due to his opposition to unlawful employment practices which violated ORS 659A.030.

### Sixth Claim For Relief

### 42 U.S.C. §1981 – Retaliation (Race Harassment)

36.

Plaintiff realleges paragraphs 1 through 35.

37.

Defendants discriminated against plaintiff in the terms and conditions of his employment in substantial motivating part due to plaintiff's good faith opposition to unlawful employment practices which violated 42 U.S.C. §1981.

38.

Defendants' decisions regarding plaintiff's employment were motivated in substantial part due to his opposition to unlawful employment practices which violated 42 U.S.C. §1981.

## Seventh Claim For Relief
### ORS 659A.199 – Discrimination

39.

Plaintiff realleges paragraphs 1 through 38.

40.

During Plaintiff's employment Plaintiff in good faith reported information to Defendants that Plaintiff believed was evidence of a violation of a state or federal law, rule or regulation as alleged above and including but not limited to an unsafe work environment.

41.

Defendants retaliated against Plaintiff for his complaints.

## Eighth Claim For Relief
### ORS 659A.040 – Injured Worker Discrimination

42.

Plaintiff realleges paragraphs 1 through 41.

43.

During plaintiff's employment he received an on-the-job injury by inhaling airborne product. Plaintiff invoked or utilized the procedures provided for in ORS chapter 656, including but not limited to the following acts:

a.  Plaintiff was involved in an on-the-job accident covered by Workers' Compensation ("WC");

b.  Plaintiff informed his employer of his WC covered accident;

c.  Plaintiff requested information and/or forms about WC;

d.  Plaintiff informed his employer of his intent to apply for WC;

Page 8 - COMPLAINT

44.

After plaintiffs injury he was discriminated against and treated differently by defendants and eventually fired or not provided additional work. A substantial factor in plaintiff's disparate treatment and discrimination was his exercising his obligations and/or rights as alleged.

45.

As a direct and proximate result of the discrimination and the subsequent withdrawal and/or termination of employment, plaintiff has incurred economic damages in an amount to be determined at trial.

46.

As a direct and proximate result of Defendants' wrongful and discriminatory treatment of Plaintiff, including but not limited to his termination of employment, plaintiff has suffered embarrassment, loss of self esteem, and emotional distress, all to his noneconomic damage in an amount to be determined at trial.

47.

Pursuant to ORS 659A.885, Plaintiff should be awarded reasonable attorney fees.

48.

Defendants' conduct was willful, malicious and/or done with reckless indifference to plaintiff's state protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

### Ninth Claim For Relief (Defendant EXPRESS Only)
### ORS 648 Violation

49.

Plaintiff realleges paragraphs 1 through 41.

50.

The claims and causes of action in this matter arose out of business that defendant EXPRESS carried on, conducted or transacted in Oregon under a corporate entity and/or assumed business name. Defendant has failed to register or keep current the corporate entity and/or assumed business name information as required by ORS Chapter 648.

51.

Pursuant to ORS 648.135, plaintiff is entitled to recover $500 or actual costs which plaintiff reasonably incurred to ascertain the real and true name and location of defendant EXPRESS, or its representatives, whichever is greater, from defendant EXPRESS.

52.

Plaintiff is entitled to reasonable attorney fees from defendant EXPRESS pursuant to ORS 648.135.

///

///

///

///

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them as follows:

1. For permanent injunctive relief enjoining defendants, their officers, employees and agents from engaging in any harassment based on race/sex or for retaliating against any employee opposing unlawful employment practices;

2. Economic damages and future losses to be determined at trial;

3. Non-economic damages to be determined at trial;

4. Punitive damages in an amount to be determined at trial;

5. Reasonable costs and attorney fees;

6. Statutory penalties;

7. For such other and further relief as the Court may deem just and equitable.

DATED this 17th day of February, 2011.

Aaron W. Baker, OSB No. 92222
Trial Attorney for Plaintiff